UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

ANA GONZALEZ, as mother and natural guardian of infant plaintiff S.S.,

                                  Plaintiff,

                      -against-

Police Officer SEAN PALLONE, Shield No. 13921; Police Officer BRYAN DASILVA, Shield No. 13802; Sergeant JUAN MEDINA, Shield No. 27720; Lieutenant GEORGINA GONZALEZ; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                                 Defendants.
------------------------------------------------------------------ x

**FIRST AMENDED COMPLAINT**

Jury Trial Demanded

13 CV 4569 (BMC)

## NATURE OF THE ACTION

1.    This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3.    The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff S.S., by his mother and natural guardian Ana Gonzalez, ("plaintiff" or "S.S.") is an infant and a resident of Kings County in the City and State of New York.

7. Defendant Police Officer Sean Pallone, Shield No. 13921 ("Pallone"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Pallone is sued in his individual and official capacities.

8. Defendant Police Officer Bryan DaSilva, Shield No. 13802 ("DaSilva"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant DaSilva is sued in his individual and official capacities.

9. Defendant Sergeant Juan Medina, Shield No. 27720 ("Medina"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Medina is sued in his individual and official capacities.

10. Defendant Lieutenant Georgina Gonzalez ("Gonzalez"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Gonzalez is sued in her individual and official capacities.

11. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

12. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

13. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

14. At approximately 10:00 p.m. on March 1, 2013, S.S. was lawfully present inside 808 Park Avenue in Brooklyn, New York.

15. S.S. was a guest of a tenant in the building.

16. As S.S. exited the elevator on the second floor, he encountered the defendant police officers.

17. The officers stopped him without reasonable suspicion.

18. S.S. told the officers that he was in the building lawfully and pointed to what he believed to be the door to the apartment he was visiting.

19. Upon information and belief, the door to the apartment plaintiff was

visiting was one door over from the door to which plaintiff pointed.

20. Before plaintiff could discover or correct his mistake, the officers began to viciously assault him with fists and batons.

21. In the midst of the assault, an occupant of the apartment S.S. was visiting opened the door and unsuccessfully attempted to intervene to stop the assault.

22. The assault caused S.S. to suffer an asthma attack.

23. S.S. was then handcuffed, falsely arrested and taken to a police precinct.

24. At the time of his arrest, the officers lacked arguable probable cause to arrest S.S. for any crime or offense.

25. S.S. was taken to a police precinct.

26. At the precinct the officers falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff trespass and resist arrest and falsified police paperwork, including an arrest report, to that effect.

27. At no point did the officers observe plaintiff trespass or resist arrest.

28. Plaintiff was taken to Brooklyn Central Booking and then back to the precinct.

29. Upon information and belief, Brooklyn Central Booking would not admit plaintiff because of his need for medical care.

30. Even though the officers had themselves caused his injuries and his urgent need for medical treatment was obvious, the defendant officers refused to

obtain medical treatment for S.S., in deliberate indifference to his needs.

31. S.S. was taken back to Brooklyn Central Booking and, after approximately eighteen hours in custody, he was arraigned, the criminal charges were adjourned in contemplation of dismissal and he was released.

32. S.S., who was in the 10th Grade at the time of the incident, missed several days of school as a result of the incident.

33. Following his release, plaintiff obtained medical treatment for his injuries at Woodhull Hospital.

34. S.S. suffered damage as a result of defendants' actions. S.S. was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search

35. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

36. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

37. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

38. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

39. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

40. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Unreasonable Force

41. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

42. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

43. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Denial Of Constitutional Right To Fair Trial

44. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

45. The individual defendants created false evidence against plaintiff.

46. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

47. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

48. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Deliberate Indifference to Medical Needs

49. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

50. The individual defendants were aware of plaintiff's need for medical care and failed to act, in deliberate indifference to plaintiff's needs.

51. Accordingly, defendants violated the Fourteenth Amendment because they acted with deliberate indifference to plaintiff's medical needs.

52. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **SIXTH CLAIM**
**Failure To Intervene**

53. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

54. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

55. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

56. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:   October 22, 2013
         New York, New York

HARVIS WRIGHT & FETT LLP

_____
Gabriel Harvis
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
gharvis@hwandf.com

*Attorneys for plaintiff*